[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
PROCEDURAL BACKGROUND
In the instant cases the court is considering motions to dismiss two consolidated appeals concerning the same parties and the same project located in the Town of East Haven. Docket No. CV95-0374158-S (X20) is an appeal by plaintiffs Niki Whitehead, Roger Johnson, Sherril Nieman, John Nieman, Andria Miller and Timothy Miller from a zone change creating the Mansfield Landing Planned Development District.
Docket No. CV95-0375854-S is an appeal by precisely the same plaintiffs from a decision of the East Haven Planning and Zoning Commission approving a site plan for Phase III of the Mansfield Landing Planned Development District.
The motions to dismiss presently before the court raise exactly the same challenges to the aggrievement status of each of the plaintiffs in each of the cases.
In addition a separate grounds for dismissal has been filed in the zone change case alleging that the appeal was taken prematurely, prior to notice of the zone change by publication, allegedly depriving the court of jurisdiction.
AGGRIEVEMENT
The court makes the following findings on aggrievement with respect to each of the named parties.
1) Niki Whitehead
Ms. Whitehead intervened in each case pursuant to § 22a-19
of the Connecticut General Statutes. At the present time the parties have not attempted to litigate the question of whether or not Niki Whitehead is classically aggrieved. There is no evidence before the court or classical aggrievement nor is there any evidence or allegation of statutory aggrievement. Ms. Whitehead does have the rights of an intervenor pursuant to §22a-19(a). These rights are more limited then the rights of an aggrieved party as that term is generally used. In Mystic MarineLife Aquarium Inc. v. Gill, 175 Conn. 483, 491 (1978), the court CT Page 10578 held that a party even if not "classically" aggrieved may still have statutory standing to appeal an agency's decision. Section22a-19a allows "any person, partnership, corporation, association, organization or other legal entity to intervene as a party and in any administrative licensing or other proceedings and in any judicial review thereof, that involves conduct which has or is reasonably likely to have the effect of unreasonably polluting, impairing or destroying the public trust in air, water or other natural resources of the state." An intervening party under § 22a-19a, however, may raise only environmental issuesMystic Marine Life, at 490.
2) Johnson, Nieman and Nieman
The court finds Johnson, Nieman and Nieman to be similarly situated with regard to aggrievement. In each case there is insufficient evidence to show classical aggrievement. Mr. Johnson and Mr. and Mrs. Nieman each own a house in the Mansfield Grove Campers Association. Their houses are located outside of the distance required for statutory aggrievement. The Association owns property which abuts the property in question. If the Niemans and Johnson had an ownership interest in the property owned by the Association, they might have the prerequisites for statutory aggrievement. Pursuant to § 8-8a an aggrieved person "includes any person owning land that abuts or is within a radius of 100 feet of any portion of the land involved in the decision of the board." Both the Niemans and Johnson have occupancy agreements which arguably amount to a lease of property. In each case the occupancy agreements lease a certain building site or section of land designated as a specific site located on a certain tract of land owned by the corporation located at Mansfield Grove in the Town of East Haven, Connecticut. In each case the lessee is entitled "to have and to hold said building site unto said member." Mr. Johnson's occupancy agreement was admitted at the hearing on the motion to dismiss as plaintiff's Exhibit C. The general rules and regulations of the Mansfield Grove Campers Association was admitted as plaintiff's Exhibit D. Rule No. 1 of that exhibit provides:
 "All land is jointly owned by the corporation and its collective members and no land can be cordoned off or blocked in any manner so as to prevent other corporation members free passage, unless specifically approved by the board of directors." CT Page 10579
Although the rules refer to land being "jointly owned", the occupancy agreement which is the only evidence of a conveyance purports only to convey the individual site. When one reads the occupancy agreement together with the by-laws and general rules and regulations, it appears clear that individual sites are subject to individual control and common areas are under the supervision and control of the corporation. While the court does not question that a lease, or in an appropriate case an option to purchase, may support aggrievement, the court finds that Mr. Johnson and Mr. and Mrs. Nieman have insufficient right in the common property of this Campers Association Inc. under this somewhat unusual arrangement to support statutory aggrievement. Accordingly, the court finds that Johnson and the Niemans are not statutorily aggrieved. The court further finds that insufficient evidence has been presented to support classical aggrievement on the part of these parties. Their appeals are dismissed in each case.
3) Miller and Miller
It appears, at the present time, to be uncontested that Mr. and Mrs. Miller own land which abuts the subject property and that they are statutorily aggrieved.
TIMELINESS OF THE APPEAL
On April 25, 1995 the East Haven Planning and Zoning Commission published in the New Haven Register a notice which read in pertinent part as follows:
"AGENDA
 To consider the application of Attorney Leonard J. Fasano on behalf of Den Norske Bank for approval of an amended (sic) Mansfield Landing Planned Development District. Discussion possible decision.
CONCEPTUAL PLAN APPROVED"
The plaintiffs, relying upon the above quoted notice, appealed on May 9, 1995 fourteen days following the notice. The defendants claim that the above quoted notice was legally insufficient both as to form and because it purported to approve only the conceptual plan. The defendant claims that the proper CT Page 10580 notice was not published until May 12 at the same time as the site plan approval. Accordingly, the defendants argue, the May 9 appeal was three days prior to the commencement of the fifteen day appeal period.
It is clear that the conceptual approval of the zone change is the only approval ever voted on by the commission. While there is some lower court authority that an appeal may not be taken prior to publication, because the action becomes effective upon publication hence there is no aggrievement prior to publication, this court looks to § 8-8(p) added by Public Act § 89-356 which specifically provides:
 "The right of a person to appeal a decision of the board to the Superior Court, and the procedure prescribed in this section, shall be liberally interpreted in any case where strict adherence to these provisions would work surprise or injustice."
It is the holding of the court that the notice of April 25 is not fatally defective so as to fail to commence the running or the appeal period. Neither is the court prepared to hold that the filing of an appeal following action by a commission but prior to its publication is jurisdictionally defective so as to warrant dismissal. Accordingly, the court rules as follows:
1) no appeal shall be dismissed as untimely.
2) plaintiff Whitehead has standing and aggrievement pursuant to § 22a-19 as more fully explained in MysticMarine Life v. Gill. Plaintiffs Johnson, Nieman and Nieman have failed to prove classical or statutory aggrievement and their appeals are dismissed in each case as to each plaintiff. The plaintiffs Miller and Miller appear to be statutorily aggrieved although evidence has not yet been presented. No motion to dismiss has been filed as to these plaintiffs.
The court by,
Kevin E. Booth, Judge CT Page 10581